UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH SANDERS, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: _____ |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S ORIGINAL COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff KENNETH SANDERS, hereinafter referred to as "Plaintiff," brings this ERISA action against the Hartford Life and Accident Insurance Company Group Welfare Benefits Plan, in its capacity as Administrator of the EMC Corporation Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of his employment with EMC Corporation.

### PARTIES

2. Plaintiff is a citizen and resident of Clinton, Maryland.

3. Defendant is a properly organized business entity doing business in the State of Maryland.

.

4.     The disability plan at issue in the case at bar was funded and administered by Defendant.

5.     Defendant is a business entity doing business in the District of Maryland. Defendant may be served with process by serving its registered agent, The Corporation Trust Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093.

## JURISDICTION AND VENUE

6.     This court has jurisdiction to hear this claim pursuant to pursuant to 29 U.S.C. § 1132(a), (e), (f), and (g) of the Employee Retirement Security Act of 1974, 29 U.S.C. § 1101, et seq. ("ERISA") and 28 U.S.C. § 1331.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

7.     At all relevant times, Plaintiff has been a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), in the Long-Term Disability Plan Policy No. 83122238.

8.     Plaintiff obtained the disability policy at issue by virtue of Plaintiff's employment with EMC Corporation, with coverage beginning on January 1, 2006.

9.     Said policy became effective January 1, 2006.

10.    At all relevant times, Defendant has been the claims administrator of the disability policy within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

11.    At all relevant times, Defendant has been a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

## ADMINISTRATIVE APPEAL

12.    Plaintiff is a 62-year-old man previously employed by EMC Corporation as a "Customer Service Engineer."

3

13. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on January 4, 2008.

14. Plaintiff alleges that he became disabled on January 7, 2008.

15. Plaintiff filed for short term disability benefits with Defendant.

16. Short term disability benefits were approved and paid.

17. Plaintiff filed for long term disability benefits through the Plan administered by the Defendant.

18. Long Term Disability benefits were approved from April 7, 2008 to June 16, 2021.

19. On June 17, 2021, Defendant terminated Plaintiff's long term disability benefits.

20. On December 14, 2021, Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

21. Defendant notified Plaintiff that Defendant upheld its original decision to terminate Plaintiff's claim for long term disability benefits.

22. Defendant also notified Plaintiff that Plaintiff had exhausted his administrative remedies.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

23. Plaintiff incorporates those allegations contained in paragraphs 1 through 22 as though set forth at length herein.

24. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation

4

which his medical condition, education, training, or experience would reasonably allow;

b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II: ATTORNEY FEES AND COSTS

25. Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 above.

26. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A. Grant Plaintiff declaratory relief, finding that he is entitled to all past due long term disability benefits yet unpaid;

B. Order Defendant to pay past due long term disability benefits retroactive to June 17, 2021 through the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to

5

make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

    D.    Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

    E.    For such other relief as may be deemed just and proper by the Court.

Date: 8/5/2022

                                 /s/ James Koch
                                 James P. Koch
                                 1101 St. Paul St., Suite 404
                                 Baltimore, MD 21202
                                 410 539 7816
                                 jameskoch@jpkochlaw.com
                                 Client Protection Fund ID No. 7905010082
                                 *Attorney for Kenneth Sanders*